**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| Marques Curtis Brown, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Checkr, Inc., | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, Marques Curtis Brown, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Marques Curtis Brown ("Plaintiff"), is an adult individual residing in Upper Marlboro, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Checkr, Inc. ("Checkr"), is a California business entity with an address of 1 Montgomery Street, San Francisco, California. Checkr is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). Checkr regularly engages in the business of assembling, evaluating, and

dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In 2016, Plaintiff began to drive for Uber, an on-demand transportation company.

7. In November 2018, Uber submitted Plaintiff's information to Defendant for a routine background screening report.

8. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Uber.

9. Upon Uber's receipt of the report, Plaintiff was informed that his employment with Uber was suspended.

10. According to the report, Plaintiff committed multiple crimes in Ohio.

11. However, the information provided by Defendant to Uber is inaccurate.

12. The inaccurate report contains damaging information to Plaintiff's character and reputation.

13. Thereafter, Plaintiff disputed the report to Defendant.

14. Defendant acknowledged its mistake, corrected the report, and provider Uber with the corrected report allowing Plaintiff to resume his employment with Uber.

15. In April 2019, Uber submitted Plaintiff's information to Defendant for another routine background screening report.

16. Despite having been made aware of its previous error and acknowledging its mistake, Defendant yet again furnished results of an inaccurate report to Uber.

17. Upon Uber's receipt of the report, Plaintiff was informed that his employment with Uber was again suspended.

18. In addition to having his employment with Uber suspended on two separate occasions, which prevents Plaintiff from working, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

19. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Uber.

20. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

23. In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

24. Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

25. These failures directly caused Uber to reject Plaintiff, which has damaged Plaintiff.

26. As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 22, 2019

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF